IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Global Printing Equipment, Inc., | : | |
| | : | |
| Plaintiff | : | Civil Action |
| | : | No. 08-cv-03120 |
| vs. | : | |
| | : | |
| Knights Complete Printing Solutions, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, KNIGHTS COMPLETE PRINTING SOLUTIONS, INC., by its attorneys, Law Offices of Arnold H. Landis, responds to Plaintiff's complaint as follows:

1. Plaintiff, Global Printing Equipment, Inc. ("Global Printing"), is a business corporation organized and existing under and by virtue of the laws of the State of New Jersey, and is registered and authorized to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 121 Friends Lane, Newtown, Pennsylvania 18940.

**ANSWER**: Defendant lacks sufficient knowledge to either admit nor deny the allegations contained in paragraph 1 of the complaint.

2. Defendant, Knights Complete Printing Solutions, Inc. ("Knights"), upon information and belief, is a business corporation organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business located at 20654 Burl Ct., Joliet, Illinois 60433.

**ANSWER**: Defendant admits the allegations of paragraph 2 of the complaint.

3. Jurisdiction is vested in the Court of the United States pursuant to 28 U.S.C. §1332 in that Global Printing and Knights are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**ANSWER**: Defendant admits the allegations of paragraph 3 of the complaint.

4.	Venue is vested in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that the Eastern District is the location in which occurred the substantial events giving rise to Global Printing's cause of action.

**ANSWER**:	Defendant denies the allegations of paragraph 4 of the complaint.

## **COUNT I**

5.	At all times relevant hereto, Global Printing has been engaged in the business of the purchase and sale of printing equipment throughout North America.

**ANSWER**:	Defendant lacks sufficient knowledge to either admit nor deny the allegations contained in paragraph 5 of the complaint.

6.	On or about June 28, 2006 Global entered into a Sales Agreement with LTI Printing ("LTI") for the purchase and installation of a 1993 Roland 608+ LE S/N (hereinafter "Printing Press") at LTI's location at 518 N. Centerville Road, Sturgis, Michigan 49091.

**ANSWER**:	Defendant lacks sufficient knowledge to either admit nor deny the allegations contained in paragraph 6 of the complaint.

7.	The total purchase price being paid by LTI to Global for the Printing Press was to be $325,000.00.  A true and correct copy of the Sales Agreement by and between LTI and Global Printing is attached hereto as Exhibit "A".

**ANSWER**:	Defendant lacks sufficient knowledge to either admit nor deny the allegations contained in paragraph 7 of the complaint.

8.	Thereafter, in or about October and November, 2006, Knights contacted Global Printing at Global Printing's offices located in Pennsylvania in order to solicit business from Global Printing in connection with Knights refurbishing of the Printing Press on behalf of Global Printing for the benefit of LTI.

**ANSWER**:	Denied.  Knights did not solicit Global Printing.  Global Printing called Knights.

9. Following Knights initial contact with Global Printing, Knights continued to communicate with Global Printing via telephone, email, and mail, for the purpose of negotiating a contract for providing services to Global Printing for the refurbishing of the Printing Press.

**ANSWER**:  Defendant denies that Knights solicited Global Printing.

10. Knights personally examined the printing press in order to determine what work was necessary in order to refurbish the printing press.

**ANSWER**:  Defendant admits the allegations of paragraph 10 of the complaint.

11. Thereafter, in or about November 2006, Knights forwarded a written proposal to Global Printing detailing the costs and associated work necessary in order to refurbish and repair the Printing Press to a condition that would be commercially acceptable for LTI to operate and run the Printing Press ("Proposal"). A true and correct copy of the Proposal by and between Knights and Global Printing is attached hereto as Exhibit "B".

**ANSWER**:  Exhibit B is in writing and speaks for itself as to its terms.

12. On or about November 7, 2006, Global Printing accepted and executed the Proposal in Global Printing's offices located in Pennsylvania.

**ANSWER**:  Defendant admits the allegations of paragraph 12 of the complaint.

13. Pursuant to the Proposal Knights was also required to run a "demo" of the Printing Press in order to print test it to make sure that the Printing Press would be commercially acceptable for LTI.

**ANSWER**:  Defendant admits the allegations of paragraph 13 of the complaint.

14. Pursuant to terms of the Proposal, "all work [was] guaranteed to be as specified, and the [refurbish and repair] work [was to be] completed in a substantial workmanlike manner for the sum" totaling $71,500.00.

**ANSWER**:  The proposal is in writing and speaks for itself as to its terms.

15. Thereafter, Global Printing and Knights agreed that in addition to refurbishing and repairing the Printing Press to a condition that would be commercially acceptable for LTI to operate and run the Printing Press, Knights would also install, start-up and commission the Printing Press for commercial production for the total cost of $25,000.00.

**ANSWER:** Defendant admits that the $25,000 was to take down the press at Knights' shop and re-install it at LTI.

16. During the course of Knights' work to refurbish and repair the Printing Press, Knights continuously contacted Global Printing advising them of additional work that needed to be performed on the Printing Press in order for it to be operational for LTI's purposes.

**ANSWER**:  The refurbishing of the press at Knights was not complete, but Global Printing requested that the press be moved to LTI and that refurbishing be completed at LTI.

17. LTI issued invoices and estimates to Global Printing in Pennsylvania, for additional work which needed to be performed above and beyond the work set-forth in the Proposal.

**ANSWER:** Denied. LTI did not invoice Global Printing. All invoices and estimates came through Knights.

18. Both orally and in writing, by virtue of Knights' issuing additional invoices and Global Printing paying for the services and/or materials detailed on such invoices, the parties entered into additional written and/or oral contracts in order for Knights to do the necessary work to refurbish and repair the Printing Press to a condition that would be commercially acceptable for LTI to operate and run the Printing Press.

**ANSWER:** Extra parts were needed to repair the press and Global Printing delayed payment to Knights as it paid for parts directly. After several delayed payments for parts, Knights stopped buying parts directly from the manufacturer.

19. Despite Global Printing paying Knights sums well in excess of the Proposal, at the time the Printing Press was to be installed at LTI's location, it became apparent that there was a problem with the work performed by Knights since the Printing Press failed to operate.

**ANSWER**: Defendant denies the allegations of paragraph 19 of the complaint.

20. Knights attempted to install the Printing Press over a three (3) week period, but was never able to do so, as the Printing Press was never fully operational and never went into production for LTI.

**ANSWER**: Global Printing tried to start up the press at LTI without Knights signing off on the job. The press installation was not completed by Knights.

21. As a result of Knights' failure to properly refurbish, repair and install the Printing Press, the Printing Press exploded during the installation process causing extensive and substantial damage to the Printing Press and its component parts.

**ANSWER**: LTI required that the press be moved due to Global Printing's dishonest practices, not because of an installation problem.

22. Further as a result of Knights failure to properly refurbish, repair and install the Printing Press, Global Printing was required to remove the Printing Press from LTI's location, and to refund the $325,000.00 purchase price to LTI.

**ANSWER**: Defendant denies that Knights failed to properly refurbish, repair and install the printing press.

23. In addition to foregoing, after the Printing Press failed to operate, Knights' surreptitiously and without Global Printing or LTI's knowledge or consent, removed certain essential component parts of the Printing Press in order to hold Global Printing hostage for the payment of the alleged balance owed for the installation of the Printing Press.

**ANSWER**: Defendant denies the allegations of paragraph 23 of the complaint.

24. Upon information and belief, Knights took from the Printing Press eight (8) carriage bars, the main electric drive circuit board and various other component parts.

**ANSWER**: Defendant denies the allegations of paragraph 24 of the complaint.

25. Global Printing paid Knights the sum of $151,612.83, in connection with the refurbishing, repairing and installing of the Printing Press at LTI's location, an amount well in excess of the contracted for amount between the parties.

5

    **ANSWER**:    Install at LTI:    $24,500
                           Repairs at KLPS:    $71,500
                           Parts paid out by Global:    $55,600

26.     Knights is in material breach of the agreement with Global Printing in that the work performed by Knights was not done in a good and workmanlike manner; was faulty and of inferior quality; and/or failed to comply with the Proposal as well as the written and oral agreements between the parties.

    **ANSWER**:    Defendant denies the allegations of paragraph 26 of the complaint.

27.     Knights' material breaches include the following:

    a.    failing to complete the work outlined in the Proposal in a timely fashion;
    b.    failing to complete the work outlined in the Proposal for the agreed upon price;
    c.    failing to perform certain of the work outlined in the Proposal pursuant to commercially acceptable standards;
    d.    overcharging Global Printing for work performed in connection with refurbishing, repairing and installing the Printing Press; and
    e.    faulty and inferior workmanship performed by Knights;

**ANSWER**:    Defendant denies the allegations of paragraph 27 of the complaint.

28.     As a result of Knights' material breaches, Global Printing has suffered and will continue to suffer the following damages:

    a.    $151,612.83 - total paid to Knights for refurbishing, repairing and installing the Printing Press;
    b.    $35,000.00 – total cost to Global Printing to remove the Printing Press from LTI's location and truck back to Global Printing;
    c.    $402,000.00 – total cost to purchase eight (8) carriage bars, the main electric drive circuit board and various other component parts each and all necessary to repair the Printing Press for resale;
    d.    $55,000.00 – total labor costs to re-erect, repair and test the Printing Press for resale;
    e.    $95,000.00 – total lost commission on the sale of a Roland 306 printing press Global Printing was to receive in trade from LTI; and
    f.    $47,000.00 – total lost profit on the sale of the Printing Press to LTI since they did not keep the Printing Press after Knights substantially damaged the Printing Press during its repair and installation.

**ANSWER**:    Defendant denies the allegations of paragraph 28 of the complaint.

29. As a result of Knights' material breaches, Global Printing has suffered and will continue to suffer damages in the total amount of $785,612.83.

**ANSWER**: Defendant denies the allegations of paragraph 29 of the complaint.

WHEREFORE, Defendant, Knights Complete Printing Solutions, Inc., requests that this Honorable Court enter judgment in its favor and against Plaintiff, Global Printing Equipment, Inc., and any other relief this Court deems appropriate.

## **COUNT II**

30. Global Printing incorporates the allegations contained in paragraphs 1 through 29 by reference as if fully set forth herein at length.

**ANSWER**: Defendant incorporates its answers to the allegations of paragraphs 1 through 29 of the complaint by reference as if fully set forth herein.

31. Knights' surreptitiously and without Global Printing or LTI's knowledge or consent, removed certain essential component parts of the Printing Press in order to hold Global Printing hostage for the payment of the alleged balance owed for the installation of the Printing Press.

**ANSWER**: Defendant denies the allegations of paragraph 31 of the complaint. Global Printing was told that bars and parts needed to be repaired and Global Printing agreed.

32. Upon information and belief, Knights took from the Printing Press eight (8) carriage bars, the main electric drive circuit board and various other component parts.

**ANSWER:** Due to Global Printing damaging the press, Knights took the damaged parts back to Knights' shop to repair same with Global Printing's acknowledgement.

33. The costs to replace the eight (8) carriage bars, the main electric drive circuit board and various other component parts which Knights absconded from Global Printing by virtue of removing said items from the Printing Press is $402,000.00.

**ANSWER:** Global Printing was aware that Knights took the parts for repairs. The electric drive board is at Knights and required $10,000 in repairs. Frank from Global Printing agreed to have the main drive repaired and to pay Knights. The part was repaired by Knights and at Knights' shop, but Global Printing never made payment for the repairs.

34. Notwithstanding Global Printing's numerous demands, Knights has refused to return the above-referenced items or pay for the costs to replace same.

**ANSWER:** Due to the fact that Global Printing damaged the press, Knights has accumulated costs to repair the press and Global Printing owes Knights for the balance of the installation as well as electrical and mechanical parts. There are also extra charges to add parts to the press that Global Printing promised LTI but were not included in Knights' contract with Global Printing. Knights has not released parts prior to payment of sums past due on parts and repairs

WHEREFORE, Defendant, Knights Complete Printing Solutions, Inc., requests that this Court enter judgment in its favor and against Plaintiff, Global Printing Equipment, Inc., and any other relief this Court deems appropriate.

                                                                     Knights Complete Printing Solutions, Inc.
                                                                     By:_s/Arnold H. Landis_____

Arnold H. Landis
Law Offices of Arnold H. Landis, P.C.
77 W. Washington St., Ste. 702
Chicago, IL 60602
(312) 235-6268

## **VERIFICATION**

The undersigned, D.J. Knights, being duly affirmed according to law, deposes and says that I am the President of Knights Complete Printing Solutions, Inc., the defendant named herein; that as such, I am authorized to make this Verification; and that I verify that the statements made in the foregoing Defendant's Answer to Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief.


DATE:_9/3/08_____                         s/_____
                                                D.J. Knights, President
                                                Knights Complete Printing Solutions, Inc.